# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-10026
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKIE JAMES KING,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-64-1

—————

Before STEWART, Chief Judge, and HIGGINSON and COSTA, Circuit Judges.

PER CURIAM:[*]

In 2003, Rickie James King pleaded guilty to possession with intent to distribute more than 500 grams of methamphetamine. After serving a 210-month term of imprisonment, King began serving his five-year supervised release term on March 13, 2018. The Government filed a motion to revoke King's supervised release because he used and possessed methamphetamine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10026

in June and August 2018.  King pleaded true to the allegations and requested that the court allow him to continue to serve his supervised release so that he could participate in a drug treatment program.  The district court revoked King's supervised release and sentenced him above the advisory policy statement sentence range to 18 months of imprisonment and 42 months of supervised release, stating that it believed this sentence "addresses the issues of adequate deterrence and protection of the public."

On appeal, King argues that the district court's one-sentence explanation was inadequate to show that it had considered the parties' arguments and had a reasoned basis for its decision.  He further contends that the district court's error was reversible plain error.  While King argues that he should not be required to object to preserve error when challenging procedural reasonableness, he correctly acknowledges that this argument is foreclosed. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).  Accordingly, this issue is reviewed for plain error.  *See id.*  To establish plain error, King must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he succeeds, we will correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

The district court considered the policy statements, King's arguments, and the letters of King and his friends and family, and it determined that a sentence of 18 months of imprisonment and 42 months of supervised release was appropriate. Although the district court did not specifically address King's arguments, the court's reasons for imposing the sentence were adequate in view of the record as a whole and did not constitute clear or obvious error.  *See United States v. Fraga*, 704 F.3d 432, 437-39 (5th Cir. 2013); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).  Further, King has not shown

2

No. 19-10026

that any error affected his substantial rights as he has not shown that a more detailed explanation would have resulted in a lower sentence or continued supervised release. *See Whitelaw*, 580 F.3d at 264-65; *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). Therefore, King has not shown that the district court's explanation for the sentence was so insufficient that it rose to the level of reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.